UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAJUAN M. MURRAY,

        Petitioner,               Case Number: 2:10-CV-11278

v.                                      HONORABLE VICTORIA A. ROBERTS

CINDI CURTIN,

        Respondent.
_____/

**ORDER**

**(1) GRANTING RESPONDENT'S AMENDED MOTION FOR LEAVE TO FILE ANSWER;**

**(2) DENYING AS MOOT RESPONDENT'S FIRST MOTION FOR LEAVE TO FILE ANSWER;**

**(3) DENYING RESPONDENT'S MOTION TO DISMISS;**

**(4) DENYING PETITIONER'S MOTION FOR ORDER DECLARING PETITION TO HAVE BEEN RECEIVED MARCH 30, 2011;**

**(5) GRANTING PETITIONER'S REQUEST TO DELETE UNEXHAUSTED CLAIM; AND**

**(5) REQUIRING RESPONSIVE PLEADING**

      Petitioner Dajuan M. Murray, through counsel, filed a petition for a writ of habeas corpus challenging his convictions for three counts of armed robbery and one count of fleeing and eluding.  Now before the Court are Respondent's "Motion for Leave to File Answer;" "Amended Motion for Leave to File Answer," and "Motion to Dismiss"; and Petitioner's "Ex Parte Motion for Order Declaring Filing of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to Have Been Received March 30, 2010 or Alternatively Waiving Any Time Based Issue

Between March 30, 2010 and 31, 2010" ("Ex Parte Motion").

Respondent has filed a Motion for Leave to File Answer and an Amended Motion for Leave to File Answer. Respondent filed the Amended Motion to correct errors in the first Motion. The Court will deny the first Motion as moot. In the Amended Motion, Respondent seeks leave to file her Motion to Dismiss For Failure to Comply With the Statute of Limitations and Failure to Exhaust State Court Remedies one day after the date set for filing a responsive pleading. Respondent states that the Motion was filed late due to a clerical error. The Court finds that Respondent's failure to timely respond is the result of excusable neglect and grants the motion.

Respondent seeks dismissal of the petition on two grounds: failure to comply with the statute of limitations and failure to properly exhaust state court remedies. Respondent argues that the limitations period expired on March 30, 2010 and that the petition was filed one day late. Petitioner's Ex Parte Motion states that counsel attempted to electronically file the habeas petition on March 30, 2010, but experienced a technical failure that delayed the filing of the petition until March 31, 2010.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).

Petitioner was convicted following a jury trial in Oakland County Circuit Court. He was sentenced on April 28, 2006. Petitioner filed an appeal of right in the Michigan Court of

Appeals. The Michigan Court of Appeals affirmed his convictions. *People v. Murray*, No. 270983 (Mich. Ct. App. June 24, 2008). He then filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal on December 30, 2008. *People v. Murray*, 482 Mich. 1186 (Mich. Dec. 30, 2008). The ninety-day period in which to petition for a writ of certiorari with the United States Supreme Court began to run on December 31, 2008. See Sup. Ct. R. 30 (stating that, in calculating the ninety-day window in which to file a petition for a writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"); *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). Petitioner's ninety day period ended on March 30, 2009. The last day on which a petitioner may file a petition for a writ of certiorari is not counted toward the one-year limitations period. *Id.* at 285. Accordingly, the limitations period commenced on March 31, 2009. Petitioner had one-year from that date to file a habeas petition. The habeas petition, filed on March 31, 2010, was timely filed.

Respondent also seeks dismissal of the petition because the ineffective assistance of counsel claim related to the right to a speedy trial was not properly exhausted in state court. *See* 28 U.S.C. § 2254(b)(1). Petitioner concedes that this claim is not properly exhausted. He asks for dismissal of the claim rather than dismissal of the entire petition. The Court grants the request and the claim is dismissed.

Finally, Petitioner asks the Court to declare that his petition was filed on March 30, 2010, rather than March 31, 2010. Petitioner's attorney states, by affidavit, that the petition was ready for electronic filing on March 30, 2010, but repeated failures of her equipment prevented filing on that date. The problem was corrected the next day. Counsel states that she promptly filed the petition once the malfunction was corrected.

Rule 13 of the Electronic Filing Policies and Procedures, Eastern District of Michigan, provides: "A filing user who suffers prejudice as a result of the filing user's own equipment may seek appropriate relief from the Court." The Court finds counsel's account of her attempts to file the petition on March 30, 2010 to be credible. However, Petitioner suffered no prejudice because the petition was timely filed. Therefore, relief under Rule 13 is unnecessary.

For the reasons stated, Respondent's "Amended Motion for Leave to File Answer Instanter" [dkt. # 9] is **GRANTED** and Respondent's "Motion for Leave to File Answer Instanter" [dkt. # 7] is **DENIED AS MOOT**.

Respondent's "Motion to Dismiss for Failure to Comply With the Statute of Limitations and Failure to Exhaust State Remedies" [dkt. # 6] is **DENIED**. Petitioner's request to delete his unexhausted claim is **GRANTED**. Respondent shall file an answer responding to the allegations of the petition in accordance with Rule 5, Rules Governing Section 2254 Cases, within **sixty days** from the date of this Order.

Petitioner's "Ex Parte Motion for Order Declaring Filing of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 To Have Been Received March 30, 2010 or Alternatively Waiving Any Time Based Issue Between March 30, 2010 and 31, 2010" is **DENIED**.

**IT IS ORDERED**.

              S/Victoria A. Roberts
              Victoria A. Roberts
              United States District Judge

Dated: March 8, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 8, 2011.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |